# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BURNS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-cv-2304-SNLJ ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael Burns for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $1.33. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss defendants Timothy Seabaugh, Chris Skaggs, Johnny Williams, John Doe, and Ms. Jane Doe, and direct the Clerk of Court to issue process upon the complaint as to the Missouri Department of Corrections.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly balance of $6.63. The Court will therefore assess an initial partial filing fee of $1.33, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."

*Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff, an inmate at the Potosi Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections, Timothy Seabaugh, Chris Skaggs, Johnny Williams, John Doe, and Ms. Jane Doe. He sues all defendants in their individual and official capacities.

Plaintiff alleges that the Missouri Department of Corrections has a procedure that allows it to issue restitution, and that "this procedure – or lack thereof – violates [his] right to due process under the United States Constitution." (Docket No. 1 at 6). Plaintiff alleges that "the defendants" denied him due process when "they" determined the amount of restitution to be withdrawn from his prison account without a hearing. *Id.* Plaintiff alleges that once "the defendants" determined he was liable for a certain amount in damages, he was entitled to due process regarding the determination of those damages. *Id.* He alleges that the regulations governing the imposition of the restitution penalty do not allow prisoners to contest the amount of restitution charged, or a pre-deprivation opportunity to be heard. Plaintiff concludes that the his constitutional right to due process has been violated through this process. He seeks an injunction discontinuing the practice, and he seeks monetary damages.

**Discussion**

The complaint fails to state a claim upon which relief can be granted against Timothy Seabaugh, Chris Skaggs, Johnny Williams, John Doe, and Ms. Jane Doe. While plaintiff names

3

these individuals as defendants in the caption of his complaint, he does not allege facts explaining how any of them were directly involved in, or personally responsible for, violating his constitutional rights. In fact, with the exception of naming them as defendants in the caption, plaintiff does not mention them at all. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured him). It is insufficient to say that "defendants" acted badly and caused harm. The complaint must state how each individual defendant contributed to the constitutional violation. *See Iqbal*, 556 U.S. at 676. This Court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15; *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). These defendants will therefore be dismissed from this action.

Liberally construed, the complaint survives initial review as to defendant Missouri Department of Corrections. The Court will therefore direct the Clerk of Court to issue process upon the complaint as to the Missouri Department of Corrections.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.33 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that defendants Timothy Seabaugh, Chris Skaggs, Johnny Williams, John Doe, and Ms. Jane Doe are **DISMISSED** from this action. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve process upon the complaint, pursuant to the service agreement this Court maintains with the Office of the Missouri Attorney General, as to defendant Missouri Department of Corrections.

Dated this 16th day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE