UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL BURNS,                         )
                                       )
           Plaintiff,                  )
                                       )
     v.                                )    No. 4:17-cv-2304-SNLJ
                                       )
MISSOURI DEPARTMENT OF                 )
CORRECTIONS, et al.,                   )
                                       )
           Defendants.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of an amended complaint by plaintiff Michael Burns. For the reasons explained below, the Court will dismiss plaintiff's official capacity claims for monetary damages against defendants Timothy Seabaugh, Chris Skaggs, Johnny Williams, Melanie Hinkle, and Susan Price, and will direct the Clerk of Court to issue process upon the amended complaint as to these defendants on the remaining claims.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Timothy Seabaugh, Chris Skaggs, Johnny Williams, Melanie Hinkle, Susan Price, John Doe, and Jane Doe.[1] He sues the defendants in an official and individual capacity.

According to the amended complaint, the Missouri Department of Corrections has a procedure that allows it to issue restitution against inmates without giving them a pre-deprivation hearing or an opportunity to contest the amount of damages they are required to pay. Pursuant to this procedure, Missouri Department of Corrections employees Seabaugh, Skaggs, Williams, Price, Hinkle, and the Doe defendants determined that plaintiff owed a certain amount of restitution and/or damages without giving him a pre-deprivation hearing or any chance to contest the amount. Plaintiff also alleges that the Doe defendants "have also violated my due process rights by maintaining such procedure which serves to deprive a person of his liberty interest in his account." (Docket No. 18 at 7). Plaintiff seeks monetary damages in the amount of $10,000 against each defendant, "repeal of such procedure," reimbursement of funds removed, and a lien removed from his account. *Id.* at 8.

---

[1] In the original complaint, plaintiff named the Missouri Department of Corrections, which subsequently filed a motion to dismiss. He did not name the Missouri Department of Corrections in the amended complaint. As the Missouri Department of Corrections is no longer a party to this action, the motion to dismiss is moot and will be denied as such.

## Discussion

Having liberally construed the amended complaint and weighed the factual allegations in plaintiff's favor, the Court concludes, for screening purposes, that plaintiff has adequately stated a due process claim against the defendants in their individual capacities, and in their official capacities to the extent he seeks injunctive or prospective relief. Prisoners have a constitutionally-protected interest in money they receive from outside sources, and they are entitled to due process before they can be deprived of it. *Murray v. Dosal*, 150 F.3d 814, 819 (8th Cir. 1998) (quoting *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997)); *see also Mahers v. Halford*, 76 F.3d 951, 954 (8th Cir. 1996). However, plaintiff's official capacity claims for monetary damages against the defendants will be dismissed. *See Andrus ex rel. Andrus v. Arkansas,* 197 F.3d 953, 955 (8th Cir. 1999) (an official capacity claim against a state employee for monetary damages is barred under the Eleventh Amendment).

Turning to the Doe defendants, the Court notes that generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff can be understood to allege that both Doe defendants were Missouri Department of Corrections employees who were involved in the process used to determine the amount of money plaintiff owed without giving him due process. The Court concludes, for screening purposes, that these allegations are sufficiently specific to permit their identification following reasonable discovery, and will therefore not dismiss them at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims for monetary damages against defendants Timothy Seabaugh, Chris Skaggs, Johnny Williams, Melanie Hinkle, and Susan Price are **DISMISSED.** A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Missouri Department of Corrections' Motion to Dismiss (Docket No. 13) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Timothy Seabaugh, Chris Skaggs, Johnny Williams, Melanie Hinkle, and Susan Price.

Dated this 14th day of May, 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE