# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17CV2304 SNLJ |
| | ) |
| TIMOTHY SEABAUGH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Plaintiff Michael Burns is a prisoner in the Missouri Department of Corrections. He filed this 42 U.S.C. § 1983 claim, *pro se*, against defendants Timothy Seabaugh, Chris Skaggs, Johnny Williams, Susan Price, and Melanie Hinkle alleging violations of his due process rights. Defendants moved for summary judgment on January 28, 2019 (#38). Plaintiff has sought and received three extensions of time in which to file a response. Most recently, on July 8, 2019, this Court granted plaintiff until September 9, 2019 by which to file his response in opposition to summary judgment (#47). The Court stated that no further extensions would be granted. Plaintiff has not filed a response.

## I. Factual Background

Plaintiff has, as an offender in the Missouri Department of Corrections, been found guilty of several conduct violations that involved destruction of property. For example, plaintiff was found to have flooded his cell with his toilet and pulled the

1

sprinkler head system. Plaintiff was found guilty in a disciplinary hearing which he refused to attend. The recommended consequence was that he pay damages of $28.95 for the broken sprinkler head. The recommendation was approved, and the money was requested to be withdrawn from plaintiff's account. Several other similar events took place resulting in the withdrawal of money from plaintiff's account. Plaintiff claims that disciplinary hearings on these conduct violations did not constitute sufficient due process for defendants to remove money from his prison account. Plaintiff claims he was denied due process through these transactions. Defendants move for summary judgment. Because their statement of undisputed facts has not been disputed by plaintiff, the facts are admitted in accordance with the Local Rule 7-4.01(E).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

**III. Discussion**

Plaintiff does not state whether he seeks relief under procedural due process or substantive due process. "Substantive due process prevents the government from interfering with rights 'implicit in the concept of ordered liberty.'" *Dawdy v. Allen*, No. 2:17cv49 AGF, 2018 WL 999974, *5 (E.D. Mo. Feb. 21, 2018) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Procedural due process ensures that '[w]hen government action depriving a person of life, liberty or property survives substantive due process scrutiny, it must still be implemented in a fair manner.'" *Id.*

To prevail on a substantive due process claim, a plaintiff "must first demonstrate that he was deprived of life, liberty, or property by government action." *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010). "Inmates have a property interest in money received from outside sources." *Mahers v. Halford*, 76 F.3d 951, 954 (8th Cir. 1996). The nature of the money in plaintiff's inmate account is unclear. Regardless, "[a]lthough the inmates' private interest in their personal funds is apparent, inmates are not entitled to complete control over their money while in prison." *Id.* For example,

3

state officials are not barred from applying inmate account moneys to the inmates' criminal restitution obligations. *Id.* Assuming for the sake of argument that plaintiff can show a property interest in his inmate account, plaintiff is unable to show he was deprived of that interest without sufficient process. Defendants followed procedures required by the state in assessing restitution amounts against plaintiff. Although plaintiff alleges in his complaint that the amount of restitution to be withdrawn was determined "without a hearing," the evidence shows that hearings were in fact held. Further, the evidence shows that plaintiff failed to attend the hearing. As stated above, plaintiff failed to respond to the motion for summary judgment despite extensions of over six months. Plaintiff has not shown that he was deprived of due process, and the motion for summary judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#37) is **GRANTED**.

Dated this   30th   day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE